DINA L. SANTOS, SBN 204200  
Dina L. Santos, A Professional Law Corp.  
455 Capitol Mall, Suite 802  
Sacramento, California 95814  
Telephone: (916) 447-0160  

Attorney for  
GILBERTO GARCIA SANCHEZ  

UNITED STATES DISTRICT COURT  
FOR THE EASTERN DISTRICT OF CALIFORNIA  

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br>GILBERTO GARCIA CARLOS,<br>GILBERTO GARCIA SANCHEZ,<br><br>Defendants. | Case No.: 23-CR-0088 TLN<br><br>STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE<br><br>Date:   September 26, 2024<br>Time:   9:30 a.m.<br>Judge:  Hon. Nunley |

## **STIPULATION**

The United States of America through its undersigned counsel, Matthew De Moura, Special Assistant United States Attorney, together with Attorney Dina Santos, counsel for Gilberto Garcia Sanchez, Attorney Clemente Jimenez, counsel for Gilberto Garcia Carlos, hereby stipulate the following:

1. The Status Conference was previously set for July 11, 2024. By this stipulation, the parties now move to continue the Status Conference to September 26, 2024, at 9:30 a.m. and to exclude time between July 11, 2024, and September 26, 2024, under the Local Code T-4 (to allow defense counsel time to prepare).

2. The parties agree and stipulate, and request the Court find the following:
   a. A continuance is requested to continue to allow the Defense to meet with the Client, continue to review discovery, conduct investigation, and discuss a potential resolution. Defendant Garcia Sanchez resides in Arizona and Garcia

Carlos is housed at Taft which is a substantial distance from Sacramento. Both Counsel require time to meet with their respective client.

b. Counsel for the Defendant believes the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

c. The Government does not object to the continuance.

d. Based on the above-stated findings, the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial within the original date prescribed by the Speedy Trial Act.

e. For the purpose of computing time under the Speedy Trial Act, 18 United States Code Section 3161(h)(7)(A) within which trial must commence, the time period of July 11, 2024, and September 26, 2024, inclusive, is deemed excludable pursuant to 18 United States Code Section 3161(h)(7)(A) and (B)(iv), corresponding to Local Code T-4 because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

**IT IS SO STIPULATED.**

DATED: July 8, 2024

Phillip Talbert
United States Attorney

 /s/ Matthew De Moura
MATTHEW DE MOURA
Special Assistant U.S. Attorney

DATE: July 8, 2024

    /s/ Dina Santos  
DINA SANTOS  
Attorney for Gilberto Garcia Sanchez

DATE: July 8, 202

    /s/ Clemente Jimenez  
CLEMENTE JIMENEZ  
Attorney for Gilberto Garcia Carlos

## ORDER

The Court has read and considered the Stipulation Regarding Excludable Time Period Pursuant to Speedy Trial Act, filed by the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that provide good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; and (ii) failure to grant the continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.

**IT IS SO ORDERED.**

Dated: July 8, 2024

Troy L. Nunley  
United States District Judge