DANICA MAZENKO
CA Bar No. 330710
D Mazenko Law
2443 Fair Oaks Boulevard #486
Sacramento, CA 95825
Tel (619) 669-5693

Attorney for
GILBERTO GARCIA CARLOS

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>GILBERTO GARCIA CARLOS,<br>GILBERTO GARCIA SANCHEZ,<br><br>　　　　Defendants. | Case No.: 2:23-CR-00088 DC<br><br>STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE<br><br>Date:　June 13, 2025<br>Time:　9:30 a.m.<br>Judge:　Hon. Judge Coggins |

### **STIPULATION**

The United States of America through its undersigned counsel, Matthew De Moura, Special Assistant United States Attorney, together with Attorney Dina Santos, counsel for Gilberto Garcia Sanchez, Attorney Danica Mazenko, counsel for Gilberto Garcia Carlos, hereby stipulate the following:

1. The Status Conference was previously set for June 13, 2025. By this stipulation, the parties now move to continue the Status Conference to August 29, 2025 at 9:30 a.m. and to exclude time between June 13, 2025, and August 29, 2025, under the Local Code T-4 (to allow defense counsel time to prepare).
2. Counsel Danica Mazenko was appointed on this case on April 2, 2025.
3. The parties agree and stipulate, and request the Court find the following:
   a. A continuance is requested to continue to allow the Defense to meet with their clients, continue to review discovery, conduct investigation, and discuss a

STIPULATION AND ORDER　　　- 1 -

potential resolution.  Defendant Garcia Sanchez resides in Arizona and Garcia Carlos is housed at Taft, which is a substantial distance from Sacramento. Both Counsel require time to meet with their respective client.

b. Counsel for the Defendants believe the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

c. The Government does not object to the continuance.

d. Based on the above-stated findings, the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial within the original date prescribed by the Speedy Trial Act.

e. For the purpose of computing time under the Speedy Trial Act, 18 United States Code Section 3161(h)(7)(A) within which trial must commence, the time period of June 13, 2025, and August 29, 2025, inclusive, is deemed excludable pursuant to 18 United States Code Section 3161(h)(7)(A) and (B)(iv), corresponding to Local Code T-4 because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

**IT IS SO STIPULATED.**

DATED: June 9, 2025                              Michele Beckwith
                                                 Acting United States Attorney

1
2
DATE: June 9, 2025

      */s/ Matthew De Moura*
MATTHEW DE MOURA
Special Assistant U.S. Attorney

3
4

      */s/ Dina Santos*
DINA SANTOS
Attorney for Gilberto Garcia Sanchez

5
DATE: June 9, 2025

6
7

      */s/ Danica Mazenko*
DANICA MAZENKO
Attorney for Gilberto Garcia Carlos

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# ORDER

The court, having received, read and considered the parties' stipulation and good cause appearing therefrom, ADOPTS the parties' stipulation. Accordingly, the Status Conference scheduled for June 13, 2025, is VACATED and RESET for August 29, 2025, at 9:30 a.m. in Courtroom 8 before the Honorable Dena M. Coggins.

The court hereby finds that the Stipulation, which this court incorporates by reference into this Order, demonstrates facts that provide good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 and the time period between June 13, 2025, and August 29, 2025, inclusive, is deemed excludable as provided by 3161(h)(7)(A) and (B)(iv) [Local Code T4]. The parties shall be prepared to go forward on August 29, 2025.

The court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; and (ii) failure to grant the continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.

IT IS SO ORDERED.

Dated:   **June 9, 2025**

Dena Coggins
United States District Judge